## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

GUY L. COULSTON JR.,

                 Petitioner,

vs.

LAWRENCE G. WASDEN,

                 Respondent.

Case No. 1:20-cv-00468-REP

**INITIAL REVIEW ORDER**

Petitioner Guy L. Coulston Jr. has filed an Amended Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 13.) Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 5.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ.

**INITIAL REVIEW ORDER - 1**

P. 73. Upon review of the record, the Court concludes that Petitioner may proceed to the next stage of litigation on all but one of his claims.

## REVIEW OF PETITION

### 1. Background

In a criminal action in the First Judicial District Court in Kootenai County, Idaho, before the Honorable Fred M. Gibler, Petitioner was convicted by jury of lewd and lascivious conduct with a minor under sixteen years of age. *See State v. Coulston*, No. 41396, 2015 WL 4275935 (Idaho Ct. App. July 15, 2015). Petitioner was sentenced to a 35-year unified term of incarceration, with the first 15 years fixed.

Thereafter, Petitioner filed a direct appeal, contending that an investigative officer violated his Fifth Amendment rights when he continued to interrogate Petitioner after Petitioner questioned aloud whether he should consult an attorney. The Idaho Court of Appeals held that the district court did not err in denying Petitioner's motion to suppress because Petitioner's statement was equivocal; that Court affirmed the conviction. *Id*. at *2.

Petitioner pursued a first state post-conviction petition in 2016. After summary dismissal of his claims by the Honorable Scott Wayman, Petitioner pursued an appeal, raising two claims: that the district court had a duty to inquire into an alleged conflict of interest between Petitioner and his privately-retained counsel, and that his right to an open and public trial was violated. The Idaho Court of Appeals affirmed the district

**INITIAL REVIEW ORDER - 2**

court's summary dismissal of both claims, holding that there is no such duty as to his first claim and that he should have raised his second claim on direct appeal. *Coulston v. State*, No. 46558, 2020 WL 1686162, at *2 (Idaho Ct. App. Apr. 7, 2020).

Petitioner filed a second post-conviction action in state court in 2018. He raised five claims. He received no relief in the state district court. He filed notice of appeal, but voluntarily dismissed his case in 2020, upon his belief that he had no access to the courts during the COVID-19 quarantine period.

## 2. Discussion

In the Amended Petition for Writ of Habeas Corpus, Petitioner brings the following ineffective assistance of trial counsel and direct appeal counsel claims:

> 1.1  Trial counsel Rick Baughman failed to file a motion to suppress Petitioner's coerced statements made to Detective Oyler during a police interrogation.

> 1.2  Trial counsel did not object to the questioning of two potential jurors off record, Mrs. Leatham and Ms. Evans.

> 1.3  Trial counsel should not have stipulated to the admission of DNA evidence admitted at trial.

> 1.4  Trial counsel should have brought forward evidence that the victim said she contracted Chlamydia from Petitioner, but that Petitioner did not have Chlamydia.

> 1.5  Trial counsel failed to impeach the victim with perjured testimony from the preliminary hearing and from her direct examination at trial and failed to file a motion for mistrial or

**INITIAL REVIEW ORDER - 3**

motion for a new trial based on the victim's perjured testimony.

2.1  Direct appeal counsel Eric Fredrickson and Sara Thomas failed to raise DNA evidence admissibility issues on appeal.

2.2  Direct appeal counsel failed to raise the Chlamydia issues on appeal.

2.3  Direct appeal counsel failed to raise the issue of the victim's perjured testimony on appeal.

Petitioner also brings a claim arising from his post-conviction action:

2.4  The court committed judicial misconduct during post-conviction proceedings when it failed to accept Petitioner's "Affidavit of Conflict."

(Dkt. 12.)

With the exception of Claim 2.4, Petitioner may proceed to the next stage of litigation on his claims. Petitioner has acknowledged the procedural default of several of his claims upon which he is proceeding. On habeas corpus review, threshold procedural issues usually will be decided before a determination on the merits of the claims. Petitioner will have opportunity to show cause (such as his assertion that he was denied access to the Courts during the COVID-19 pandemic) and prejudice, or actual innocence.

As to Claim 2.4—the court's failure to accept Petitioner's affidavit in his post-conviction action—a federal habeas corpus action is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th

**INITIAL REVIEW ORDER - 4**

Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140

(8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]…. There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions…. Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim … represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

*Id*. at 143-44.

Therefore, Claim 2.4 will be dismissed for failure to state a federal claim upon

which relief can be granted. No response to this claim will be required.

### 3.  Petitioner's Evidentiary Motions

Petitioner asks for review of several items of evidence in this matter. The Anti-

terrorism and Effective Death Penalty Act of 1996 (AEDPA), amending Title 28 U.S.C. §

2254, substantially narrowed a habeas petitioner's ability to bring forward new evidence

in habeas corpus matters. Rule 7 of the Rules Governing Section 2254 Cases permits

expansion of the existing state court record with "materials relating to the petition," but

habeas petitioners are not entitled to conduct discovery or to supplement the record as a

**INITIAL REVIEW ORDER - 5**

matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Provisions like §§ 2254(d)(1) and (e)(2) ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) (citing *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Therefore, the merits of the claims in a federal habeas corpus petition usually are decided on the record that was before the state court. *Pinholster*, 563 U.S. at 180; 28 U.S.C. §225(e)(2).

Rare circumstances permitting new factual development in federal court include: (1) when a state court did not decide a claim on the merits *and* the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner is attempting to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to overcome a procedural default or statute of limitations issue.

Petitioner has filed a "Motion for Department of Health Records to be Reviewed by in Camera Inspection." (Dkt. 10.) Petitioner asserts that, if the Court reviews the Department of Health records of the victim, who tested positive for a sexually-transmitted disease, the record will list all of the sexual partners of the victim, and his name will not be included on the list. Petitioner asserts that he was never contacted by the Idaho Department of Health about whether he had Chlamydia; therefore, the absence of his name in the records proves that he never had sexual intercourse with the victim.

INITIAL REVIEW ORDER - 6

Petitioner's reasoning behind his request is flawed. If, in fact, the records show that the minor victim did not list Petitioner as a sexual partner, it does not demonstrate anything more than the deductions that can be made from the current record: either that the minor victim lied several times about having sex with Petitioner, or that the minor victim had sex with Petitioner but tried to conceal that fact from other adults. Nevertheless, if the Department of Health records are part of the state court record in Petitioner's case, then Respondent shall lodge them in camera with the Court in this action.

Petitioner has also filed a "Motion for Inspecting the Entirety and Integrity of Sexual Assault Kit Inspection [sic]." (Dkt. 11.) Petitioner asserts that laboratory technician Rylene Nowlin testified at trial that she found Petitioner's semen on "all swabs, vaginal, back and inner thighs" of the victim. (Dkt. 11, p. 1.) However, all of the swabs were missing at trial. A technician named Stacy Guess analyzed the vaginal swab and bloodstain; however, Stacy Guest is not listed as a custodian on the chain of custody for this evidence. Petitioner asserts that a review of this evidence is essential to show actual innocence to excuse the default of his claims. The Court will order Respondent to file a response to this motion with his responsive pleadings or motion.

**INITIAL REVIEW ORDER - 7**

4.  **Standards of Law**

Given Petitioner's status as a *pro se* litigant, the Court provides the following

habeas corpus standards of law which may apply to Petitioner's case, depending on

Respondent's response.

A.  *Exhaustion Requirement*

A petitioner must "properly exhaust" his state court remedies before pursuing a

claim in a federal habeas petition. 28 U.S.C. § 2254(b). That means "fairly presenting the

claim" based on a federal theory to the highest state court for review in the manner

prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a

petitioner has properly exhausted his state court remedies for a particular claim, a federal

district court cannot grant relief on that claim, although it does have the discretion to

deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if

a petitioner failed to pursue a federal claim in state court and there are no remedies now

available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted,

though not properly exhausted, if a petitioner pursued a federal claim in state court, but

the state court rejected the claim on an independent and adequate state law procedural

ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). If a claim has not been

properly exhausted in the state court system, the claim is considered "procedurally

defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court

**INITIAL REVIEW ORDER - 8**

unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

## B. *Exceptions to Procedural Default Bar*

Even if a claim is procedurally defaulted, Petitioner may qualify for an exception that permits the Court to hear the merits of his claims: "cause and prejudice" or "actual innocence." The Court now explains those standards of law, which may or may not apply to Petitioner's claims, depending on the totality of the record—which is not before the Court at this time.

### i. *Traditional* Coleman *Cause*

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Coleman*, 501 U.S. at 753. A defense attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, a petitioner can show cause and prejudice for the default.

**INITIAL REVIEW ORDER - 9**

*Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

### ii.   Martinez *Cause*

A limited exception to the *Coleman* rule was created in *Martinez v. Ryan*, 566 U.S. 1 (2012)—that inadequate assistance of post-conviction review (PCR) counsel (or a lack of counsel) "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id*. at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable

**INITIAL REVIEW ORDER - 10**

probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

The *Martinez v. Ryan* exception applies only to defaulted claims of ineffective assistance of trial counsel; it has not been extended to other types of claims. *See Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding that *Martinez* is not applicable to claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (holding that *Martinez* is not applicable to a defaulted *Brady* claim).

### iii.  *Prejudice*

A petitioner must show both cause *and* prejudice to excuse a procedural default. To show "prejudice," a petitioner must demonstrate "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### iv.  *Actual Innocence*

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, the Court can hear the merits of the claim if he meets the "fundamental miscarriage of justice" exception. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Carrier*, 477 U.S. at 496.

**INITIAL REVIEW ORDER - 11**

Actual innocence must be premised on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 64, 623 (1998). Petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial, *Schlup v. Delo*, 513 U.S. 298 (1995). For example, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence, *see Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327.

## ORDER

**IT IS ORDERED**:

1. The Clerk of Court shall serve (via ECF) a copy of the Amended Petition (Dkt. 12), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's "Motion for Department of Health Records to be Reviewed by in Camera Inspection" (Dkt. 10) is GRANTED to the extent that Respondent shall

**INITIAL REVIEW ORDER - 12**

lodge in camera any such records already existing in the state court record of Petitioner's criminal and post-conviction cases.

3. Respondent shall file a response to Petitioner's Motion for Inspecting the Entirety and Integrity of Sexual Assault Kit Inspection [sic]" (Dkt. 11) within **30 days** after entry of this Order. Petitioner may file a response within **14 days** after the response is filed.

4. Within **90 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

**INITIAL REVIEW ORDER - 13**

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 14**

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11,

**INITIAL REVIEW ORDER - 15**

and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a "Notice of Substitution of Respondent" within 30 days of such change, identifying the person who is substituted as a respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED:  July 19, 2021

Honorable Raymond E. Patricco
United States Magistrate Judge

**INITIAL REVIEW ORDER - 16**